**Richard H. Rosenberg**
Attorney at Law
250 West 57th Street
Suite 1931
New York, New York 10107
Tel.: 212-586-3838
Fax.: 212-974-3225

January 29, 2008

Ms. Simone Belgrave
United States Probation
United States Courthouse
500 Pearl Street
New York, New York 10007

**Re: United States v. Jaason Weatherly**
**07 Cr. 298-03 (LAP)**

Dear Ms. Simone:

Please accept this letter as defendant Jaason Weatherly's objections and corrections to the Pre-sentence report dated January 14, 2008.

At the outset, please be advised that Mr. Weatherly spells his first name as indicated above with a double "a". I will ask the court to amend the pleadings to reflect that correction.

More importantly, the defendant objects to the following guideline calculations:

¶ 22: The defendant objects to the four level enhancement based on U.S.S.G. §2k2.1 (b) (4) (B) (obliterated serial numbers). While Application Note 8 (B) states that the enhancement applies regardless of the defendant's scienter, *see also*, United States v. Williams, 49 F.3d 92 (2d Cir. 1995), the note and cases appear to impose strict liability where the firearm was defaced at the time the defendant possessed or transferred it.

Here, the defendant purchased new firearms from dealers and transferred the firearms in new, non-defaced condition to the individual who had recruited him. According to the defendant's statement given to the special agent the defendant learned about the defacement three weeks later when he called to complain that he had not been paid what was promised to him. During that call he was told that "Brian" had been arrested in New York but that he shouldn't worry because the serial numbers would be scratched off the firearms. Accordingly, under the circumstances of this case the defendant had no knowledge, nor is there any indication

that he would reasonably foresee that the firearms were going to be defaced. The enhancement should not apply.

¶ 25: Role in the Offense: The defendant's role in this offense is similar to that of a "mule" in narcotic cases that become safety valve eligible. Mr. Weatherly has never been a trafficker in firearms, but easy prey to be used by those who did. He was living in impoverished conditions in less than ideal familial surroundings. He had struggled with drug addiction in his past and was at a turning point in his life. The fact that he succumbed to the temptation of earning just $300.00 is both ironic and sad. Having kicked hard drugs on his own and working for minimal wages at Walmart, he saw the money as a way to help him re-direct his life. He was envisioning a return to school and studying towards a degree.

Just as in narcotic cases where desperate people are recruited by drug traffickers to take the risk of capture and other harm, this case involves the recruitment of similarly desperate souls to engage in criminal activity that expanded far beyond their limited and minimal role and life experience. Accordingly, a decreased role adjustment of four levels is appropriate.

¶ 57: At the time of the probation interview the defendant was employed as reported. He left that job shortly thereafter and is currently employed as an assistant office worker at Youngstown State University where he attends school full time.

¶ 64: Should the adjustments urged herein be adopted, the defendant's guideline total offense level would be a Zone C level 11.

Thank you for your consideration of the arguments and points of counsel.

Very sincerely,

Richard H. Rosenberg

cc.: Hon. Loretta A. Preska
     Benjamin Naftalis, Esq., AUSA