### Richard H. Rosenberg
Attorney at Law
250 West 57th Street
Suite 1931
New York, New York 10107
Tel.: 212-586-3838
Fax.: 212-974-3225

February 4, 2008

Hon. Loretta A. Preska
United States District Court Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York,  New York 10007

**Re: United States v.  Jaason Weatherly**
**07  Cr 298-03   (LAT)**

Dear Judge Preska:

Please accept this letter and the annexed exhibits as defendant Jaason Weatherly's sentencing memorandum as well as objections and comments to the pre-sentence report.  Mr. Weatherly is scheduled to be sentenced on February 20, 2008.  On November 8, 2007  Mr. Weatherly appeared before Your Honor and pleaded   guilty to the  single count indictment charging him with a conspiracy to violate 18 U.S.C.§ 922 (a) (1) (A) ( unlawful dealing of firearms).

While the sentencing guidelines are now advisory post- United States v. Booker, 125 S. Ct. 738 (2005) and are but one of five factors to be considered in determining a sentence, district courts are nevertheless directed to determine the applicable guidelines range and consider it along with all the factors listed in 18 U.S.C. § 3553 (a).  United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).

Accordingly, the first part of this memorandum will address the guideline issues raised in the pre-sentence report.  There are two major objections to the report as previously noted in my letter dated January 29, 2008 to the Department of Probation.  The first has to do with the four level enhancement assigned to the guideline calculation on the basis that the firearms were ultimately defaced by the removal of serial numbers. (U.S.S.G. § 2k2.1 (b) (4) (B).)   The second objection concerns the failure by the Probation Department to grant a mitigating role reduction in calculating Mr. Weatherly's offense level.  Each of these objections are more fully discussed below.

**Objections and Comments to the Pre-Sentence Report**

¶ **22:** As noted in the objection letter to Probation, it is clear that while the sentencing guidelines provide for an enhancement for firearms that have had their serial numbers removed and the Second Circuit has interpreted the guideline as imposing strict liability (United States v. Williams, 49 F.3d 92 (2d cir. 1995), it is respectfully submitted that under the particular facts of this case the enhancement should not be apply.

In this case, the defendant was approached and offered money to purchase new handguns from dealers near his hometown in Youngstown, Ohio. His role was to use his true identification in purchasing the firearms on behalf of an individual whom he had been introduced to in exchange for the promise of a payment of $300.00. He purchase two new handguns from each of two legal gun dealers. He had never purchased a firearm prior to this and had never owned or possessed a firearm prior to these purchases. At the time of the purchases he was aware that the firearms were going to be transported to New York but he was not told and was unaware that the serial numbers were going to be removed from the firearms.

Mr. Weatherly learned about the defacements when he called the person who had introduced him to the individual who had recruited him to complain that he had not been paid what he was promised. This call took place weeks after the purchases. It was during the call that he was informed that the recipient of the firearms had been arrested in New York. He was also told he need not worry because the serial numbers would be scratched off the firearms. *See,* Exhibit A, annexed hereto, Weatherly statement to law enforcement dated September 27, 2006.

While strict liability for enhancement purposes may be imposed under circumstances where an individual has no knowledge that a firearm had been defaced at the time he possessed it or at the time he transferred it, the attachment of such liability when the act is done subsequent to the defendant's participation in the offense and without his knowledge seems unduly harsh. Moreover, the enhancement over states the defendant's role in the offense. It is respectfully urged that the court not apply the defacement enhancement of four additional levels.

¶ **25:** As noted in the objection letter to Probation, the defendant's role in the offense is similar to that of "mules" in narcotic cases who, in many cases, are eligible for a downward guideline adjustment under the "safety valve". Similar to such "mules" who are otherwise not engaged in illicit narcotics activity, Mr. Weatherly is not a trafficker in firearms. Like the "mules" his circumstances made him, and his co-defendants, easy prey for those involved in such criminality. His role in this offense was transitory and singular. His lack of judgment in agreeing to participate was impaired by his poverty, life circumstances and his desperate resolve to change his life for the better. An adjustment of four levels for mitigating role is reasonable and just under all the circumstances of this case.

¶ **64**: It is respectfully requested that the court adopt the objections cited herein and reduce the defendant's guideline calculation accordingly. If the court were to do so, the defendant's total offense level would be a Zone C, level 11 with a sentencing guideline range of 8-14 months.

**Post-Booker Sentencing Considerations**

As this court is well aware, a sentencing court must now consider all of the 18 U.S.C § 3553 (a) factors, not just the guidelines, in determining a sentence that is minimally sufficient to meet the goals of sentencing set forth in 18 U.S.C. § 3553 (a) (2): justice, deterrence, incapacitation and rehabilitation. The requirement that a court impose a "sufficient, but not greater than necessary" sentence to achieve those goals sets a limit on the sentence that a court may impose. Further, in determining whether and to what extent imprisonment is appropriate based on § 3553 (a) factors, the court is required to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582 (a).

In determining the minimally sufficient sentence, §3553 (a) directs the court to consider, in addition to the sentencing guidelines and sentencing commission policy statements, the following factors:

(1) "the nature and circumstances of the offense and the history and characteristics of the defendant" (§ 3553 (a) (1);

(2) "the kinds of sentences available" §3553 (a) (3);

(3) "the need to avoid unwarranted sentencing disparities" §3553 (a) (6); and

(4) "the need to provide restitution to any victims of the offense" §3553 (a) (7).

**The Defendant's Background, Character and Circumstances of the Offense**

Under 18 U.S.C.§ 3661, "no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing and appropriate sentence."

The court's attention is respectfully directed to defendant's letter, annexed hereto as Exhibit B. In it, this twenty-two year old young man describes his struggles with substance abuse that began in high school. A bright, studious young man fell victim to an environment that included a mother who was addicted to crack cocaine and an absentee, uncaring father who passed away while the defendant was still a teen.

As Mr. Weatherly relates, he dropped out of high school in 2003, himself then addicted to cocaine, alcohol and prescription drugs. At the age of nineteen he helped a friend cash a stolen check and that resulted in his prior criminal conviction. By the time he turned twenty he was at his lowest in terms of substance abuse, self-esteem and lack of direction in life. But then, in early 2006, he came to the self-realization that his life did not have to spiral downward and out of control. Through will and faith he quit hard drugs, found employment and began to formulate goals in life that included returning to school and building a career. This offense occurred in June, 2006. At the

time the defendant was working at Walmart for minimal pay and had plans to go back to school. When he was approached and offered $300.00 to purchase the firearms he envisioned only how such money could help him re-direct his life and how the money could help him attain his positive goals. It was a huge error in judgment, one that the defendant rues each day and one for which he takes full responsibility.

Mr. Weatherly's life has indeed turned around.  He has forsaken all drugs, including marijuana.  While he did test positive this past fall for marijuana use, he has not tested positive since. He did obtain his GED and enrolled in Youngstown State University. He is a full time student (Exhibits C ) and is employed by the University as an office assistant (Exhibit D).  Mr. Weatherly was only able to enroll in the university through school loans which now total $15,000.00.  As his letter points out, the fear of incarceration is not imprisonment per se, but the loss of the opportunity to continue his studies and the loss of financial resources, default on the loans, and the loss of opportunity to ever again get such loans in order to enable him to return to school.

The defendant's rehabilitation is underway.  He is drug free, employed and attending school full time.  He has goals in life that are positive and attainable and he has the desire and commitment to achieve those goals.  This rehabilitative effort strongly suggests that Mr. Weatherly is not a candidate for return to criminal behavior.  Nor does it suggest that he poses a danger to society. Rather, through his own determination, and the assistance of supervisory oversight provided by the Department of Probation,  he has the ability and capacity to make meaningful contributions to himself, family and society.

**The Minimally-Sufficient Sentence in this Case:**

It is respectfully submitted that the 18 U.S.C.§ 3553(a) factors present under the circumstances of this case and rehabilitative effort demonstrated by the defendant justify the imposition of a non-guideline sentence. A sentence of probation, albeit with conditions of home confinement except for school and work, would constitute a minimally sufficient sentence, be reasonable, and consistent with  the sentencing goals of §3553 (a) (2).

Respectfully submitted,

Richard H. Rosenberg
RR0846

cc.: Ben Naftalis, Esq.  AUSA
       Simone Belgrave, U.S. Probation

4