**Richard H. Rosenberg**
Attorney at Law
250 West 57th Street
Suite 1931
New York, New York 10107
Tel.: 212-586-3838
Fax.: 212-974-3225

February 18, 2008

Hon. Loretta A. Preska
United States District Court Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

**Re: United States v. Jaason Weatherly**
**07 Cr 298-03 (LAT)**

Dear Judge Preska:

      With the court's indulgence permit me to submit this letter in reply to the sentencing memorandum filed by the government and the final pre-sentence report filed by the Department of Probation.

      As described in our prior submission, Jaayson Weatherly has made, and continues to make, a genuine effort at rehabilitating his life . His one time participation in the offense of conviction occurred in June, 2006, a desperate point in time for the defendant. He saw the promise of a few hundred dollars as a springboard to the changes he wanted to make in his life. This decision was unlawful, wrong and regrettable. Yet, the defendant did go about the business of making changes in his downward spiraling young life. In the spring and summer of 2006, with considerable effort and self-determination, the defendant stopped abusing prescription drugs and the use of cocaine. In the fall of 2006, he enrolled in courses to prepare for his G.E.D and did, with high grades, achieve that goal.
.
      In 2007 the defendant enrolled at Youngstown University where he is currently a full time student majoring in Accounting and Finance. He is also is employed by the university as an office assistant.

      In September 2006, nine months prior to his arrest on these charges, Mr. Weatherly was

interviewed by special agents investigating this case.  Mr. Weatherly agreed to answer their questions and fully admitted his participation in the instant offense.  An important part of any rehabilitation is acceptance of responsibility. Mr. Weatherly has demonstrated that then when there was no prosecution and now, as reflected by his guilty plea to this indictment.

While the defendant tested positive for marijuana shortly after his placement on pre-trial supervision, he has ceased using that substance and has not tested positive since October, 2006. He continues to abstain from any illegal substances.

A defendant's post-offense rehabilitation is recognized as an appropriate basis to depart downward from the sentencing guidelines and/or to consider under 18 U.S.C. § 3553 (a). United States v. Maier, 975 F2d 944 (2d cir. 1992); United States v. Rosado, 254 F.Supp2d 316 (SDNY 2003); United States v. Hawkins, 380 F.Supp. 2d 143 (EDNY 2005); United States v. Sally, 116 F.3d 76 (3d Cir. 1977) ( "rehabilitation efforts may be sufficient to warrant a downward departure where there is "concrete gains toward turning ones' life around"). .

The defendant is living a law-abiding, productive life.  Through student loans he has pursued his goals as an enrolled full time student at Youngstown University and is gainfully employed.  He is committed to prideful achievement through continued self-improvement, hard work, determination and faith.

Accordingly, it is respectfully submitted that a sentence that combines probationary supervision, drug and alcohol counseling, and home detention would serve the ends of justice by being both reasonable and sufficient to serve the goals of sentencing.

Very sincerely,

Richard H. Rosenberg
RR0846

cc.: Ben Naftalis, Esq.  AUSA
     Simone Belgrave, U.S. Probation